Filed 7/1/15  P. v. Neilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062877 |
| v. | (Super.Ct.No. FWV1303877) |
| KEVIN ANDREW NEILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Andrew Neilson was charged by felony complaint, in case No. FWV1303877 (hereinafter, 877), with driving under the influence of alcohol with a prior conviction (Veh. Code, §§ 23152, subd. (a), 23550, 23550.5, count 1), and driving while having a 0.08% blood-alcohol content with a prior conviction (Veh. Code, §§ 23152, subd. (b), 23550, 23550.5, count 2). It was also alleged that defendant had three prior driving under the influence convictions. In a separate case, case No. FMV1303094 (hereinafter, 094), defendant pled guilty to driving under the influence of alcohol, which resulted in injury to another person. (Veh. Code, § 23153, subd. (a); Pen. Code, § 12022.7, subd. (a).) On November 7, 2014, defendant pled not guilty to both counts in case No. 877 and denied the other allegations. However, pursuant to a plea agreement, he subsequently pled guilty to count 2 and admitted the prior conviction in case No. 094. In accordance with the agreement, the trial court ordered that the conviction date for the current offense to be backdated to December 10, 2013. The parties stipulated that the police reports contained a factual basis for the plea. The court dismissed the remaining counts and allegations. Defendant was sentenced immediately as agreed upon. The court sentenced him to two years in state prison and awarded 730 days of presentence custody credits (365 actual and 365 conduct). Thus, the court deemed the sentence served.

Defendant filed a timely notice of appeal and requested a certificate of probable cause, which the court granted. We affirm.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A police officer was dispatched to the area of 16th Street and Tanglewood Avenue in Upland, California on a report of a traffic collision. Upon arriving to the area, the officer observed defendant sitting on a moped on the sidewalk. The windshield of the moped was on the ground next to him. Defendant had his helmet in his hands, but as the officer approached him, he put his helmet on, as if he was going to leave. As the officer got closer, defendant took off his helmet and talked to him. The officer could smell a very strong odor of alcohol on defendant's breath, and defendant's eyes were watery and bloodshot.

Defendant was charged with and admitted that, on or about September 13, 2013, he was driving under the influence of alcohol while having a blood-alcohol content of 0.08% or higher. (Veh. Code, § 23152, subd. (b).) He also admitted that he had another conviction for driving under the influence in case No. 094.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

3

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. However, we note that the abstract of judgment reflects the date of conviction as November 17, 2014. This date appears to be a clerical error, since the trial court expressly ordered the conviction date to be backdated to December 10, 2013. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) It is evident that the superior court clerk's error in indicating in the abstract of judgment that the date of conviction was November 17, 2014, was inadvertent. Accordingly, we will direct the clerk to correct the abstract of judgment to reflect the date of conviction as December 10, 2013.

## DISPOSITION

The superior court clerk is directed to correct the abstract of judgment by indicating that the date of conviction on count 2 is December 10, 2013. The clerk is further directed to forward a copy of the amended minute order and the abstract of

4

judgment to the Department of Corrections and Rehabilitation.  In all other respects, the

judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
J.


We concur:


<u>RAMIREZ</u>
P. J.


<u>CODRINGTON</u>
J.